# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MACK BOYD, | ) |
| Plaintiff, | ) |
| v. | ) No. 07 C 3448 |
| ROGER E. WALKER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a former state prisoner currently out on parole, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendant Roger E. Walker is the director of the Illinois Department of Corrections ("IDOC"). Defendants Terry McCann and Deirdre Battaglia are current or former wardens of the Stateville Correctional Center ("Stateville"). Defendant Melody Ford is a member of the IDOC's Administrative Review Board. Defendants Lt. Elberson and Christopher Cartwright are correctional officers at Stateville. Defendants Mary Purvin and Heather Eddy are nurses at Stateville. Plaintiff claims that defendants violated his constitutional rights by acting with deliberate indifference to his medical and mental health needs while he was incarcerated at Stateville.

Before the Court are defendants' motions to dismiss the amended complaint for failure to state a claim and on grounds of misjoinder. For the reasons stated below, the motions are granted as to plaintiff's claims against Walker, McCann, Battaglia, and Ford, and denied as to his claims against Elberson, Cartwright, Purvin, and Eddy.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325

(7th Cir. 2000). The Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn from them – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 127 S. Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citations omitted).

## FACTS

Plaintiff alleges the following facts in his amended complaint. On August 24, 2006, plaintiff was transferred from the Pinckneyville Correctional Center to Stateville Correctional Center. At the time of his transfer, plaintiff was taking two different psychotropic medications, one for schizophrenia and another for "emotional disorders, depression, and abnormally aggressive behavior." On the day of his transfer, plaintiff was not given his prescribed medications. As a result, by the time he arrived at Stateville, plaintiff was hearing voices telling him to kill himself.

At Stateville, plaintiff told defendants Cartwright and Elberson that he was hearing voices telling him to kill himself. They ignored him. After Cartwright and Elberson left plaintiff's cell, plaintiff broke two razors into pieces and swallowed them. Plaintiff received medical attention after he told a judge at a court hearing that he had injured himself. Later, on

August 26, 2006, plaintiff sifted through his feces, found bits of razor blade, tried to cut his wrist with them, and then swallowed the pieces again. An August 28, 2006 x-ray showed the razor blade pieces in plaintiff's stomach.

On September 20, 2006, defendant Mary Purvin, a nurse, gave plaintiff someone else's medication. Purvin insisted that she "gave him what was ordered." Plaintiff endured "severe pain" on account of ingesting the wrong medication. Purvin and the correctional staff refused to take plaintiff to the health care unit for treatment. Plaintiff filed a grievance, which was denied.

Another nurse, defendant Heather Eddy, gave the plaintiff the wrong medication on October 3, 2006. Like Purvin, Heather maintained that she had given plaintiff the correct medication. Plaintiff filed another grievance. Plaintiff's grievances were denied at all levels of review without investigation.

## DISCUSSION

As an initial matter, the Court notes that plaintiff does not contest defendants' argument that his claim for injunctive relief has been rendered moot by plaintiff's release from prison. This claim is dismissed. *See Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008), *citing Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006).

In addition, plaintiff cannot sue defendants in their official capacities. The Eleventh Amendment bars private suits for damages against the State, state agencies, and state officials in their official capacities. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005) (citations omitted). Therefore, to the extent that plaintiff's complaint survives the motions to dismiss, he may proceed against the defendants only in their individual capacities for damages.

The Court turns to defendants' motions to dismiss plaintiff's Eighth Amendment claims. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard a risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837; *Sherrod*, 223 F.3d at 610.

The Court finds that the allegations in the amended complaint satisfy the objective component. "[T]he need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Moreover, "denial of medical treatment satisfies the deliberate indifference standard if significant harm or injury is shown." *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005). The Court concludes that plaintiff has alleged enough at this point to show that he had a serious medical need for medication to combat his psychological disorders, since the amended complaint suggests that a single missed dose causes plaintiff to suffer psychotic episodes. Because plaintiff describes an arguably serious medical condition, as well as a severe adverse reaction to receiving the wrong medication on two occasions,[1] the objective component is satisfied.

---

[1] In his amended complaint, plaintiff asserts that he became violently ill after receiving the wrong medication from Purvin, but he alleges no problems after receiving the wrong medication from Eddy. Conversely, in his response to the motion to dismiss, plaintiff indicates that he suffered a reaction only after receiving the wrong medication from Eddy. It is unclear whether plaintiff confused the two defendants in his brief, or whether he intended to elaborate on the Eddy encounter. At this stage of the proceedings, the Court will assume that plaintiff suffered an adverse reaction on both occasions.

The Court next examines whether plaintiff has sufficiently pleaded the subjective component. To satisfy the subjective prong of deliberate indifference, a plaintiff must allege that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Normally, the denial of medication on a single occasion would not rise to the level of an Eighth Amendment violation. *See, e.g., Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004). However, deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment. *Greeno v. Daley*, 414 F.3d at 654. The subjective element of deliberate indifference encompasses conduct such as erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards. *Sherrod*, 223 F.3d at 611; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

In the case at bar, plaintiff alleges that he told defendants Elberson and Cartwright that he was hearing voices telling him to kill himself, and that Elberson and Cartwright failed to take reasonable steps to prevent plaintiff from harming himself. In addition, plaintiff alleges that defendants Purvin and Eddy: (a) gave plaintiff the wrong medication; (b) when questioned, refused to double-check to ensure they were giving plaintiff the correct pill; and (c) refused to secure medical attention when plaintiff became ill from the wrong pill. These allegations are sufficient at this stage of the litigation to permit plaintiff to pursue his Eighth Amendment claims against Elberson, Cartwright, Purvin, and Eddy. *See Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.), *cert. denied sub nom. Thomas v. Cannon*, 419 U.S. 813 (1974) (reversing dismissal of inmate's claim that he was denied proper medical care, where the inmate was mistakenly administered penicillin despite his known allergy to that drug).

5

Defendants Purvin and Eddy also move to dismiss plaintiff's claims against them as improperly joined. While it perhaps would have been preferable to have dismissed plaintiff's claims against Purvin and Eddy as misjoined on preliminary review of the amended complaint, *see George v. Smith*, 507 F.3d 605 (7th Cir. 2007), it would be unjust to do so now. *See* Fed. R. Civ. P. 21 (the court may add or drop a party "on just terms"). The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Because plaintiff's claims against Purvin and Eddy accrued in September and October 2006, respectively, it would now be too late for him to refile them. Accordingly, Purvin and Eddy's motion to dismiss plaintiff's claims against them as misjoined is denied.

The Court next turns to plaintiff's claims against defendants Battaglia and McCann, who are current or former wardens at Stateville. The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Rather, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Here, plaintiff has alleged no facts suggesting either warden's direct, personal involvement. *See J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has plaintiff indicated that the alleged violations of his constitutional rights occurred at the wardens' direction or with their knowledge and consent. *Id.* Therefore, wardens Battaglia and McCann are dismissed as defendants in this matter.

The amended complaint is likewise dismissed as to defendants Ford and Walker, who are sued for denying plaintiff's grievances. Illinois statutes and regulations establishing the IDOC's grievance procedures do not create a liberty interest under the Fourteenth Amendment's due process clause. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996). While a prison official can be liable under Section 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention through the grievance process, this is a consequence of the official's duty under federal law to prevent and remedy constitutional violations, rather than a duty to respond to grievances. *See Blankenship v. Kittle*, No. 03 C 3573, 2003 WL 22048712, *3 (N.D. Ill. Aug. 6, 2003). Defendants Ford and Walker's failure to rule favorably on plaintiff's grievances after he was no longer subject to the complained-of conduct is not actionable under Section 1983.

As a result of this ruling, plaintiff's only remaining claims are a claim against Cartwright and Elberson, for allegedly acting with deliberate indifference when he told them that voices were telling him to harm himself; and a claim against Purvin and Eddy, for purportedly giving him the wrong medication on two occasions. Although the amended complaint discusses a number of other events, none of the other matters is linked to any of the named defendants. Moreover, it is now too late for plaintiff to file a second amended complaint naming other correctional officials as defendants, and plaintiff cannot invoke the relation back principles of Rule 15(c) to name new defendants after the statute of limitations has expired. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980) (John Doe defendants).

**ORDERED:** Defendants Purvin and Eddy's motion to dismiss [89] is denied. The remaining defendants' motion to dismiss [87] is granted in part and denied in part. The

amended complaint is dismissed as to defendants Walker, Ford, McCann, and Battaglia pursuant to Fed. R. Civ. P. 12(b)(6). The amended complaint is also dismissed with respect to the plaintiff's request for injunctive relief, as well as insofar as the defendants are sued in their official capacities. Defendants Purvin, Eddy, Elberson, and Cartwright are directed to file answers within twenty-one days of the date of this order.

ENTER: _____
GEORGE W. LINDBERG
Senior United States District Judge

Date:  January 5, 2009